UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

FIBERTEX NONWOVENS, INC.,

   Plaintiff,

vs.

ANTHEM SOUTH, LLC d/b/a
ANTHEM SOUTH and
DISPOSABLE HYGIENE, LLC d/b/a
ANTHEM UNITED STATES OF BEAUTY,

   Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff FIBERTEX NONWOVENS, INC. ("**Fibertex**"), by and through its undersigned counsel, files this complaint for damages against Defendants ANTHEM SOUTH, LLC d/b/a ANTHEM SOUTH ("**Anthem South**") and DISPOSABLE HYGIENE, LLC d/b/a ANTHEM UNITED STATES OF BEAUTY ("**Anthem Beauty**") (Anthem South and Anthem Beauty, collectively, are the "**Defendants**"), and in support, alleges as follows:

### I.  NATURE OF THE CLAIM

This is an action for damages against the Defendants for their material breaches of the parties' commercial agreements and invoices, accounts stated, goods sold and delivered, and open accounts, under the state and common laws of the State of Florida, arising from Defendants' failure to pay amounts validly due on goods sold and delivered.

### II.  JURISDICTION

1.  This case is based on the parties' diversity of citizenship under 28 U.S.C. § 1332(a)(1) because it is between citizens of different states.

84687324.2

2. Diversity jurisdiction is also authorized in this matter where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### III. VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(2) where a substantial part of the events giving rise to the claim occurred in the judicial district of this Court.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) where both defendants reside in this judicial district, and both Defendants are residents of the state in which this judicial district is located.

### IV. PARTIES

5. Plaintiff Fibertex Nonwovens, Inc. is a corporation organized under the laws of South Carolina, with its principal place of business at 100 Iso Parkway, Gray Court, South Carolina 29645, and is engaged in the business of manufacturing nonwoven fabrics and textile materials. Accordingly, Fibertex is a citizen of South Carolina.

6. Defendant Anthem South, LLC d/b/a Anthem South is a limited liability company organized under the laws of Delaware, with its principal place of business at 9710 Northwest 110th Avenue, Suite 10 & 14, Miami, Florida 33178, and is engaged in the business of supplying and manufacturing skincare and beauty products. Accordingly, Anthem South is a citizen of Delaware and Florida.

7. This Court has general personal jurisdiction over Anthem South where it maintains its principal place of business in Florida and in this judicial district.

8. Defendant Disposable Hygiene, LLC d/b/a Anthem United States of Beauty is a corporation organized under the laws of New Jersey, with its principal place of business at 9710 Northwest 110th Avenue, Suite 14, Medley, FL 33178, and is engaged in the business of supplying

and manufacturing skincare and beauty products. Accordingly, Anthem Beauty is a citizen of New Jersey and Florida.

9. This Court has general personal jurisdiction over Anthem Beauty where its principal place of business is in Medley, Florida and in this judicial district.

10. This Court also has specific personal jurisdiction over both Defendants, pursuant to Florida's Long Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1) and 48.193(1)(a)(8), where the entities have had minimum contacts with Florida and purposefully conducted activities within this state, taking advantage of the benefits and protections of this state's laws.

## V. FACTS COMMON TO ALL COUNTS

11. Fibertex is a corporation that is engaged in the business of manufacturing high-performance nonwoven fabrics and textile materials.

12. Defendants are both entities that are engaged in the business of supplying and manufacturing skincare and beauty products.

13. Anthem Beauty is the parent entity of Anthem South. Upon information and belief, Anthem Beauty is and has been duly authorized to act on behalf of Anthem South.

14. On or about April 17, 2020, Defendants sought out an opportunity to purchase Fibertex's materials and fabrics (the "**Materials**") for use in the manufacturing of Defendants' wet wipe products and other product uses. Fibertex and Anthem Beauty executed a Memorandum of Understanding on April 17, 2020 (the "**MOU**"), which outlines the timing, pricing, volume, delivery, and payment terms for the specific purchases. A true and correct copy of the MOU, together with the Addendum executed on April 30, 2020, is attached hereto as **EXHIBIT A.**

15. Between, about April 17, 2020 and about August 1, 2022, Fibertex periodically sold and delivered the Materials to the Defendants. Each time the Materials were sold and delivered to

the Defendants, they were received and accepted by the Defendants voluntarily and without objection. The Materials were used in the Defendants' manufacture of its products and were sold in the ordinary course of business.

16. Ultimately, the Defendants' purchasing of the Materials from Fibertex resulted in a past due invoice total in the amount of $1,804,964.71 (One Million Eight Hundred Four Thousand Dollars and Seventy-One Cents).

17. On or about July 15, 2022, Fibertex rendered to the Defendants that Statement (hereinafter attached as **EXHIBIT B**) with the transactions and past due total invoices between the parties as of July 15, 2022, the date when the Statement was issued.

18. Defendants have not disputed their debt to Fibertex, in any way, and have promised to pay Fibertex. However, to date, they have failed to do so.

19. Defendants have refused and failed to cure their breaches despite Fibertex's demand that they do so.

## VI.   FIRST CAUSE OF ACTION – BREACH OF CONTRACT
(**Against Both Defendants**)

20. Fibertex incorporates paragraphs 1-19 by reference, and further alleges as follows.

21. Fibertex entered into agreements with Anthem South and Anthem Beauty to sell them Fibertex's Materials as specified in the MOU, any purchase orders, memoranda, communications, emails, confirmations, and invoices.

22. The terms and conditions of the parties' agreements regarding Fibertex's sales were agreed to between Fibertex and the Defendants, and those terms and conditions were memorialized in the purchase orders, memoranda, communications, emails, confirmations, and invoices.

23. Fibertex performed its obligations under the parties' agreements by shipping the Materials as agreed.

24. Defendants received the Materials that Fibertex shipped to them.

25. Defendants accepted the Materials that Fibertex shipped to them.

26. Defendants materially breached the agreements between themselves and Fibertex, by failing to pay for the Fibertex Materials that they contracted to purchase from Fibertex.

27. Defendants have no legal excuse for their non-performance.

28. Defendants refuse to cure their respective breaches despite demand.

29. Fibertex has suffered damages of at least $1,804,964.71 due to the Defendants' breaches.

### VII.  SECOND CAUSE OF ACTION – ACCOUNT STATED
(**Against Both Defendants**)

30. Fibertex incorporates paragraphs 1-19 by reference, and further alleges as follows.

31. Fibertex and Defendants engaged in business transactions between them, with their business relationship consisting of Fibertex selling its Materials to the Defendants.

32. Fibertex and Defendants engaged in these business transactions between about April 17, 2020 and about August 1, 2022.

33. On or about July 15, 2022, Fibertex rendered to the Defendants that Statement with transactions between the parties as of July 15, 2022, the dated when the statement was issued.

34. Defendants expressly or impliedly agreed to the amount of the balance that was owed to Fibertex due to the transactions between the parties.

35. Defendants expressly or impliedly agreed that those amounts were due and owing.

36. Defendants expressly or impliedly promised and agreed to pay the balance due that was the result of the transactions between them.

37. Neither Anthem South nor Anthem Beauty disputed the Statement and implicitly agreed to the amount due.

38. Defendants promised to pay the balance set for the in the Statement.

39. Defendants did not pay the amount agreed to be due.

40. Pursuant to the Statement, Defendants owe Fibertex damages in the sum of at least $1,804,964.71 for the past due balance of the transactions between them.

## VIII. THIRD CAUSE OF ACTION – GOODS SOLD AND DELIVERED
### Against Both Defendants)

41. Fibertex incorporates paragraphs 1-19 by reference, and further alleges as follows.

42. Fibertex sold and delivered an agreed upon amount of goods to the Defendants pursuant to a sales contract between them.

43. The agreed upon sales price for the goods that Fibertex sold and delivered to the Defendants is $1,804,964.71.

44. Defendants accepted the goods sold and delivered by Fibertex.

45. Defendants failed to pay the agreed price for the goods that Fibertex delivered to them.

46. As a result of Defendants' failure to make said payment, Fibertex has been damaged.

## IX. PRAYER FOR RELIEF

47. WHEREFORE, Fibertex requests a judgment in its favor and against all the Defendants as follows:

   a. Fibertex demands a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

   b. Fibertex demands actual, compensatory, and consequential damages in an amount to be determined at trial, but no less than $1,804,964.71.

    c.       Fibertex demands the costs and expenses of this action, including its reasonable attorneys' fees, as provided under law; and

    d.       Fibertex demands prejudgment and post-judgment interest to the extent permissible by the law.

Dated: August 11, 2022

Respectfully submitted,

*/s/ Brendan I. Herbert*
Brendan I. Herbert, Esquire
Florida Bar No. 76925
bherbert@polsinelli.com
Henry H. Bolz, IV, Esquire
Florida Bar No. 043350
hbolz@polsinelli.com
Nardo Dorsin, Esquire
Florida Bar No. 126301
ndorsin@polsinelli.com
POLSINELLI PC
315 S. Biscayne Blvd.
Suite 400
Miami, Florida 33131
Tel.: 305-921-1820
Fax: 305-921-1801
*Attorneys for Plaintiff Fibertex Nonwovens, Inc*

84687324.2